# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | 1:11-cv-01011 DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Doc. 9) |
| D. HILL, et al., | |
| Defendants. | |

## Screening Order

### I.  Screening Requirement

Plaintiff Durrell Puckett ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2011. Plaintiff filed a first amended complaint ("FAC") on February 8, 2012. Doc. 9. On March 13, 2012, the Court screened the FAC pursuant to 28 U.S.C. § 1915A and found that it stated cognizable claims for relief against Defendants Murgia and Hill for retaliation in violation of the First Amendment and against Defendants Hill, Zollenger, Grannis, Biggs, Roth, and Hense for failure to protect in violation of the Eighth Amendment. Doc. 12. Plaintiff failed to state any other claims. Plaintiff was provided the opportunity to file a second amended complaint to cure the deficiencies identified, or to notify the Court that he wished to proceed only on the cognizable claims. On March 21, 2012, Plaintiff notified the Court that he wished to proceed on the FAC.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
4  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
5  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
6  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
7  1915(e)(2)(B)(ii).
8         A complaint must contain "a short and plain statement of the claim showing that the
9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
10 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949
12 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
13 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to
14 relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).
15 While factual allegations are accepted as true, legal conclusions are not.  *Id.* at 1949.

16 **II.     Summary of First Amended Complaint**

17        Plaintiff is a prisoner in the custody of the California Department of Corrections and
18 Rehabilitation ("CDCR").  He is housed at Corcoran State Prison, which is located in Corcoran,
19 California.  The events giving rise to the claims at issue arose while Plaintiff was incarcerated at
20 North Kern State Prison ("North Kern").  Plaintiff names: D. Hill, lieutenant; K. Zollenger,
21 correctional officer; Lydia Hense, Warden; L. Roth and M. Biggs, appeals coordinators; N.
22 Grannis; and G. Murgia, correctional officer.

23        Plaintiff alleges the following:
24        *Defendant Murgia*
25        On March 23, 2008, Defendant Murgia wrote a false report because Plaintiff would not
26 take back a grievance against him.  Defendant Murgia knew that Plaintiff would be subjected to
27 at least 45 days to 9 months in administrative segregation.  FAC, p. 4.
28        On August 2, 2008, three days after Plaintiff was stabbed in the neck, head and face,

2

Defendant Murgia "forced the nurse" not to give Plaintiff pain medication or cleanse his wounds. FAC, p. 4. Defendant Murgia had other officers threaten Plaintiff and influenced other officers to harass Plaintiff. Defendant Murgia also used racial slurs.

*Remaining Defendants*

On July 18, 2008, Defendant Hill insinuated that Plaintiff was an informant and stated that she was not impressed with "chesters" like him. FAC, p. 5. Defendant Hill reportedly made the statements in retaliation for Plaintiff's staff misconduct complaint, knowing that the comments would place him in danger. As a result of Defendant Hill's statements, Plaintiff was stabbed in his neck, ear, face and head. Plaintiff alleges that Defendant Zollenger allegedly witnessed the exchange with Defendant Hill, but did nothing to ensure Plaintiff's safety. FAC, p. 5.

Defendants Grannis, Roth, Biggs and Hense reportedly knew about reprisals by officers, but did nothing to ensure Plaintiff's safety. Plaintiff further alleges that they violated procedures by not acting on his emergency 602 complaint. FAC, p. 5.

Plaintiff seeks injunctive relief and monetary damages.

**III.     Plaintiff's Claims**

    **1.     Retaliation**

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of retaliation entails five basic elements: (1) an assertion that a prison official took some adverse action against an inmate (2) because of (3) the inmate's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the adverse action did not reasonably advance a legitimate penological purpose. *Id.*; *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994).

Here, Plaintiff has alleged sufficient facts to state retaliation claims against Defendants Murgia and Hill.

    **2.     Eighth Amendment-Failure to Protect**

Prison officials have a duty to take reasonable steps to protect inmates from physical

abuse. *See Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir.1982) (abrogated on other grounds by *Sandin v. O'Connor*, 515 U.S. 472, 115 S.Ct. 2293 (1995)). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment if they act with deliberate indifference to the threat of serious harm or injury to an inmate by another prisoner. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986); *Hoptowit*, 682 F.2d at 1250; *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir.1989) (deliberately spreading rumor that prisoner is snitch may violate right to be protected from violence while in state custody).

Here, Plaintiff has alleged sufficient facts to state an Eighth Amendment claim for failure to protect against Defendants Hill, Zollenger, Grannis, Biggs, Roth and Hense.

### 3. Eighth Amendment-Health Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Here, Plaintiff alleges that Defendant Murgia forced a nurse not to give Plaintiff his medications or cleanse his wounds.  Even assuming Plaintiff's allegation is true, there are no facts alleged that Plaintiff was wholly denied treatment or medical attention for his wounds. Plaintiff fails to state a claim for deliberate indifference to a serious medical need against

4

Defendant Murgia.

### 4. Appeals Procedure

Plaintiff alleges that Defendants Grannis, Roth, Biggs and Hense failed to act on his emergency 602 complaint. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Accordingly, Plaintiff cannot state a claim against Defendants Grannis, Roth, Biggs and Hense concerning their response to his 602 complaint.

### 5. Verbal Harassment

Plaintiff alleges that Defendant Murgia used racial slurs against him. Mere "verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). Therefore, Plaintiff cannot state a claim against Defendant Murgia based on verbal harassment.

### 6. Injunctive Relief

Plaintiff requests injunctive relief. However, Plaintiff is no longer incarcerated at North Kern. Thus, Plaintiff's injunctive relief is moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

### 7. Official Capacity

Plaintiff seeks to impose monetary damages against Defendants in "both capacities." The Court construes this statement as Plaintiff's effort to bring suit against Defendants in both their

official and individual capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  Accordingly, Plaintiff may not bring suit against Defendants in their official capacities.

IV. **Conclusion and Order**

The Court finds that Plaintiff's complaint states cognizable First Amendment retaliation claims against Defendants Murgia and Hill in their individual capacities and a cognizable Eighth Amendment claim for failure to protect against Defendants Hill, Zollenger, Grannis, Biggs, Roth and Hense in their individual capacities.  However, Plaintiff fails to state any other claims upon which relief can be granted under § 1983 against defendants and he cannot state a claim for injunctive relief.  Plaintiff was provided the opportunity to file a second amended complaint to cure the deficiencies identified.  Plaintiff notified the Court that he wished to proceed on the first amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's first amended complaint against Defendants Murgia and Hill in their individual capacities for First Amendment retaliation and against Defendants Hill, Zollenger, Grannis, Biggs, Roth and Hense in their individual capacities for an Eighth Amendment claim for failure to protect ; and
2. All other claims are dismissed for failure to state a claim, and Plaintiff's request for injunctive relief is dismissed as moot.

IT IS SO ORDERED.

Dated:  **April 4, 2012**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE