# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. HILL, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01011-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED**<br><br>ECF No. 26<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.　Background

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.[1] This action is proceeding on Plaintiff's first amended complaint against Defendants Murguia and Hill in their individual capacities for First Amendment retaliation and against Defendants Hill, Zollinger, Grannis, Biggs, Roth and Hense in their individual capacities for an Eighth Amendment claim for failure to protect. On August 1, 2012, Plaintiff filed a Motion for Summary Judgment. ECF No. 66. After receiving an extension of time, Defendants filed their opposition on October 18, 2012. ECF No. 30.[2] The matter is submitted pursuant to Local Rule 230(l).

---

[1] On January 11, 2013, the Court appointed counsel for Plaintiff for the limited purpose of conducting discovery in this action. Plaintiff is otherwise proceeding pro se.
[2] Defendant Grannis did not appear in this action until November 5, 2012. ECF No. 37. Defendants' opposition thus does not include Defendant Grannis.

1

**II.     Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc.*

*v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

**III.   Statement of Facts**[3]

    **A.   Plaintiff's Facts**

Plaintiff currently resides at California State Prison-Corcoran. Plaintiff was previously

---

[3] **Error! Main Document Only.** All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). The parties have complied with this requirement. Because the parties' statement of facts differ greatly, both Plaintiff's and Defendants' facts are separately listed.
The Court will consider only those facts and evidence that are relevant to resolving the motion for summary judgment.

3

incarcerated at Kern Valley State Prison. Defendant G. Murguia wrote a false report claiming that Plaintiff had continued to threaten him when Defendant Murguia took Plaintiff to the cage. Defendant Murguia knew that by falsifying a report of threatening a peace officer that Plaintiff would be subjected to at least forty-five days in administrative segregation and/or a six month Security Housing Unit term. Defendant Murguia took this action as reprisal for Plaintiff not taking back his 602 inmate complaint that Plaintiff wrote against Defendant Murguia.

On July 18, 2008, Defendant Hill defamed Plaintiff's character, leading to Plaintiff being stabbed. Defendant Hill also destroyed one hundred-fifty dollars-worth of property. Defendant Hill stated that she did not like rats, insinuating that Plaintiff was an informant. Defendant Hill failed to protect Plaintiff after putting his life at risk of harm. Plaintiff suffered lacerations to his neck, face, head, ear, and shoulder. Plaintiff received thirty-four staples. Defendant Zollinger witnessed this entire exchange. He failed to take steps or attempt to ensure Plaintiff's safety, and did not notify a higher authority of this incident. On August 2, 2008, Defendant Murguia ordered a nurse not to supply pain medication to Plaintiff when he was clearly in agony, and not to cleanse Plaintiff's visible stab wounds. Defendant Murguia incited other officers to harass Plaintiff and search his cell constantly beyond the regular institution policy.

Defendants Grannis, Roth, Hense, and Biggs knew for months of reprisals by correctional officers and did nothing. They all received a letter and a 602 complaint on July 19, 2008 with "emergency" written on it. They all disregarded it. Defendant Grannis rejected Plaintiff's letter, sending it back with a notice.

With the exception of the first two facts listed, Defendants dispute every fact. Defendants cite to their responses to Plaintiff's interrogatories, denying each of the material facts listed. Defs.' Resps. to Pl.'s Statement of Undisputed Facts 3-20. Defendant Murguia denies retaliating against Plaintiff in any way. Def. Murguia Resps. to Pl.'s Interrogs. 1, 3, 11, 13, 14, 19. Defendant Hill denies ever making the alleged statements, retaliating against Plaintiff, or failing to protect Plaintiff from serious harm. Def. Hill Resps. to Pl.'s Interrogs. 1, 5, 10, 11, 13, 15. Defendant Zollinger denies witnessing Defendant Hill making any statements or failing to protect Plaintiff from serious harm. Def. Zollinger Resps. to Pl.'s Interrogs. 1, 3, 5, 11, 13, 15, 16. Defendants Roth, Hense, and

Biggs deny being aware for months of officers' reprisals against Plaintiff.  Def. Roth's Resps. to Pl.'s Interrogs. 1, 4, 7, 9, 12; Def. Hense's Resps. to Pl.'s Interrogs. 1, 4, 7, 9, 12; Def. Biggs's Resp. to Pl.'s Interrogs. 1, 4, 7, 9, 12.  Defendants also object to half of Plaintiff's facts, contending that he lacks personal knowledge or is making legal conclusions.

### B. Defendants' Additional Facts

Plaintiff is currently incarcerated California State Prison at Corcoran.  The events giving rise to this case allegedly took place at North Kern State Prison in Delano, California.

In March 2008, Plaintiff threatened to harm Defendant Murguia as Murguia was performing a security check on Plaintiff's tier.  Plaintiff was issued a Rules Violation Report, which charged him with "Threatening a Peace Officer," in violation of Title 15 of the California Code of Regulations.

In April 2008, a disciplinary hearing was at NKSP on the charged rules violation.  Plaintiff was found "Guilty" of the charged offense at the April 2008 disciplinary hearing.  Plaintiff was assessed 60 days' credit forfeiture as a result of the guilty finding.

In January 2009, Defendant Hense learned that Plaintiff had complained of misconduct on the part of several correctional officers at NKSP.  Plaintiff had also complained that his administrative grievances were not being answered.  Defendant Hense served as Warden at NKSP in January 2009.  Upon learning of Plaintiff's claims, Defendant Hense instructed Facility-D Captain M. Skaggs to investigate Plaintiff's allegations immediately.

Within two weeks, Captain Skaggs had completed an exhaustive review of Plaintiff's complaints.  Captain Skaggs' investigation revealed no misconduct on the part of any NKSP officials.  Defendant Hense documented the full scope of Captain Skaggs' investigation, as well as his findings, in a letter to Plaintiff dated January 21, 2009.  Based on Captain Skaggs' review, Defendant Hense determined that Plaintiff's claims had been addressed and answered, and that no further action was required.

Defendants Roth and Biggs worked in the Appeals Coordinator's Officer at NKSP. Neither Defendant Roth nor Biggs was responsible for personally investigating the claims raised in any specific inmate grievance.

//

### III. Analysis

#### A. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Rhodes* regarding elements of retaliation in prison context). On summary judgment, the plaintiff must demonstrate there is a trial issue of material fact on each element of his retaliation claim. *Brodheim v. Cry*, 584 F.3d 1262, 1269 n.3 (9th Cir. 2009).

There remain genuine disputes of material fact as to Plaintiff's retaliation claims against Defendants Murguia and Hill. Defendants Murguia and Hill disputed all of Plaintiff's material facts in their responses to Plaintiff's interrogatories. Defs.' Resps. to Pl.'s Statement of United Facts, 3-12, 14. Because there remain genuine disputes of material fact, Plaintiff is not entitled to judgment as a matter of law, and summary judgment will not be granted for Plaintiff as to this claim.

#### B. Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer*, 511 U.S. at 832–33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

An inmate must demonstrate facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those

risks. *Farmer*, 511 U.S. at 834; *Frost*, 152 F.3d at 1128; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442.

There remain genuine dispute of material fact as to Plaintiff's Eighth Amendment claims against Defendants Hill, Zollinger, Grannis, Biggs, Roth, and Hense.  Defendant Hense contends that Plaintiff's concerns regarding safety were addressed.  Defendant Hill denies making statements that threatened Plaintiff's safety, and Defendant Zollinger denies hearing these statements. Defendants Biggs and Roth deny investigating Plaintiff's claims raised regarding his safety, as both work in the NKSP Appeals Coordinator's Office only.[4]  Because there remain genuine disputes of material fact, Plaintiff is not entitled to judgment as a matter of law, and summary judgment will not be granted for Plaintiff as to this claim.

## IV.    Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed August 1, 2012, should be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within

///

///

///

---

[4] Though Defendant Grannis did not file an opposition to Plaintiff's motion, the Court also finds that Plaintiff's motion for summary judgment should be denied as to Defendant Grannis, for the reasons provided above regarding Plaintiff's Eighth Amendment claim against Defendants Biggs and Roth.

7

**fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 15, 2013**  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE